**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **Old Second National Bank,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-CV-1536** |
| | ) | |
| **David F. Wong,** | ) | **Hon. Matthew F. Kennelly,** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**COMPLAINT**

David F. Wong for his answer to the Complaint filed by Old Second National Bank states:

**PARTIES**

1. Plaintiff Old Second National Bank is a national banking association, with its principal place of business at 37 S. River Street, Aurora, Illinois 60506.

   **Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

2. Upon information and belief, David F. Wong is an adult resident of Illinois whose last known address is 1730 Quarter Horse Ct., Wheaton, Illinois 60189.

   **Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the defendant pursuant to 28 U.S.C. § 1331 as at least one cause of action is based upon a violation of federal law and thus arises under federal law.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because the defendant is resident of Illinois, and pursuant to 28 U.S.C. § 1391(b)(2) given that a substantial part of the events or omissions giving rise to the Bank's claims occurred in this judicial district.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

## FACTS APPLICABLE TO ALL ACCOUNTS

5. Redline Metals, Inc. ("Redline") is an Illinois corporation with its principal place of business based in Illinois and it specializes in buying and processing scrap metal, and, to that end, it engages with companies nationwide.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing.

The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

6.  Upon information and belief, Wong has been employed by Redline since 1993 and has served as Redline's chief financial officer, and in other capacities, including as chief financial officer, since that date. Wong's most recent role was as Redline's president. Upon information and belief, Wong has been Redline's president since October 2022. The Bank has become aware that Wong recently resigned his position as president. A true and correct copy of the resignation letter is attached hereto as Exhibit A.

    **Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

7.  The Bank is a first secured creditor of Redline in accordance with promissory notes and security agreements executed by and among the parties.

    **Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

8.  On June 25, 2021, Redline executed a promissory note in the original principal amount of $5,000,000.00 in favor of West Suburban Bank. A true and correct copy of the 2021 Note is attached hereto as Exhibit B.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

9. In December 2021, West Suburban Bank merged with the Bank.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

10. On June 25, 2022, Redline executed a promissory note in the original principal amount of $1,500,000.00 in favor of the Bank. A true and correct copy of the 2022 Note is attached hereto as Exhibit C. In connection with the execution of the promissory note, Redline executed a business loan agreement and commercial security agreement. A true and correct copy of the business loan agreement and commercial security agreement is attached hereto as Exhibit D and Exhibit E, respectively.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

11. On October 30, 2023, Redline executed a promissory note in the original principal amount of $11,000,000.00 in favor of the Bank. A true and correct copy of the 2023 Note is attached hereto as Exhibit F. In connection with the execution of the promissory note, Redline executed a business loan agreement and commercial security agreement. A true and correct copy of the business loan agreement and commercial security agreement is attached hereto as Exhibit G and Exhibit H, respectively.

**Answer:**    On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

12. On February 28, 2024, Redline executed a change in terms agreement in which the maturity date of the 2023 Note was extended to June 15, 2024, among other things. A true and correct copy of the change in terms is attached hereto as Exhibit I.

**Answer:**    On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

13. The 2021 Note, 2022 Note, and 2023 Note (collectively, the "Notes") provide, among other things, that Redline was to make regular monthly payments.

**Answer:**    On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that

"a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

14. The failure to make any payment when due is a default under the Notes.

   **Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

15. The commencement of any bankruptcy proceeding is a default under the Notes.

   **Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

16. The Notes also provide that if the lender in good faith believes itself insecure then an event of default has occurred.

   **Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

17. Redline has defaulted under the terms of the Notes. Specifically, there have been monthly payment defaults, substantial overdrafts, a deterioration of the Bank's collateral, a deterioration of Redline's financial condition, and the Bank otherwise has deemed itself insecure. Moreover, on August 27, 2024, Redline filed for Chapter 11 bankruptcy that is currently pending in the Bankruptcy Court for the Northern District of Illinois, as case no. 24-12590.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

18. Upon information and belief, and at all times relevant, Wong has personally handled the finances for Redline as chief financial officer and, in that capacity, he has overseen all operations and financial duties of Redline.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

19. Wong directly provided all the financial information of Redline to the Bank.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing.

7

The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

20. Wong created and produced for the Bank certain monthly or quarterly borrowing base certificates, including, but not limited to, one dated July 31, 2024. A true and correct copy of the July 31, 2024 borrowing base certificate is attached hereto as Exhibit J.

    **Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

21. As part of the borrowing base certificate, Wong certified that the information therein was true, accurate, and complete.

    **Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

22. The July 31, 2024 borrowing base certificate lists an accounts receivable balance, as of June 30, 2024, of $7,481,484.00, and total available inventory of $13,413,472.00.

    **Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing.

The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

23. Additionally, Wong created and produced for the Bank a balance sheet as of June 30, 2024 that was printed by Wong on August 8, 2024 showing accounts receivable of $7,606,353.00 and inventory with an asset value of $16,869,121.00, an accounts receivable aging summary as of July 31, 2024 that was printed by Wong on August 20, 2024 showing accounts receivable as of July 31, 2024 as $7,481,484.00, an accounts receivable aging detail as of July 31, 2024 that was printed by Wong on August 21, 2024 showing accounts receivable as of July 31, 2024 as $7,542,648.00, and an inventory valuation summary as of July 31, 2024 that was printed by Wong on August 20, 2024 showing inventory on hand of $8,916,791.00 and with an asset value of $13,413,472.00. A true and correct copy of the balance sheet, accounts receivable aging reports, and inventory valuation summary is attached hereto as Exhibit K, Exhibit L, Exhibit M, and Exhibit N, respectively.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

24. The Bank reasonably relied on the financial information provided by Wong, including the borrowing base certificates whereby Wong certified to the Bank the financial condition of Redline in order to allow it to continue to borrow under the line of credit.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that

9

"a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

25. On September 20, 2024, Redline filed with the Bankruptcy Court for the Northern District of Illinois its bankruptcy schedules. A true and correct copy of the schedules is attached hereto as Exhibit O. As reflected in Redline's schedules, which were signed under penalty of perjury by Wong, and as of September 20, 2024, Redline confirmed that it only had accounts receivable of $371,178.00 and that it had inventory of $12,850,000.00.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

26. Upon information and belief, Redline did not collect on nearly $7 million dollars of accounts receivable between the July 2024 borrowing base certificate and its bankruptcy petition and schedule filing.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

27. Subsequent to Redline's bankruptcy filing, the Bank obtained documentation suggesting that Redline's inventory on hand and asset value was substantially less than what was reflected in

the exhibits attached hereto as Exhibits J, K, L and N, and even what is reflected in Redline's bankruptcy schedules attached hereto as Exhibit N. Specifically, a document was obtained, that came from Redline's accounting system, that shows inventory on hand in July 2024 of $4,975,635.00, in August 2024 of $5,285,471.00, and in September 2024 of $1,057,075.00. See a true and correct copy of the Redline Metals Inventory Valuation Summary by Month 2024 attached hereto as Exhibit P.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

28. Subsequent to Redline's bankruptcy filing, Sector3 Appraisals Inc., a company focusing on scrap metal appraisals, was engaged to assess Redline's inventory and determined that, as of December 13, 2024, there was a variance between the Redline inventory per company records, and Sector3's quantification, by nearly 56,000 pounds. See a true and correct copy of Sector3 Appraisals Inc.'s Inventory Count and Verification attached hereto as Exhibit Q.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

29. Upon information and belief, and in order to obtain each of the loans from the Bank and to continue to mislead the Bank in continuing to advance and provide credit as referenced herein,

and modifications and extensions thereof, Wong altered Redline's financial records to make the company appear solvent when in fact it was not. Specifically, Wong overstated Redline's financial records, and, in particular, the accounts receivable by at least five million dollars and submitted the false financials and false borrowing base certificates to the Bank from June 2021 to present that included the false accounts receivable and inventory.

**Answer:**   On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

30. Upon information and belief, Wong provided the knowingly false financial records to the Bank in order to induce the Bank to lend to Redline and to obtain each of the loans from the Bank referenced herein, and modifications and extensions thereof.

**Answer:**   On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

31. The Bank did in fact rely upon the false financial records in determining whether to issue loans to Redline and whether, or not, to call the loans in default.

**Answer:**   On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing.

12

The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

32. The Bank would not have continued to extend credit by reason of the loans to Redline had it known that the financial records were falsified, and would have called the default earlier had it known that the financial records were falsified.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

33. Redline has been significantly damaged due to Wong's wrongdoing.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

34. As a result of the foregoing, Wong should be held personally liable to the Bank for the amounts owed under the Notes, and related loan documents.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

35. As of January 9, 2025, there remained due and owing the sum of $14,772,438.15 of which $2,213.509.06 is for the 2021 Note, $11,748,025.91 is for the 2022 Note, and $810,903.18 is for the 2023 Note (including interest through that date). This figure does not include additional interest, costs and attorneys' fees as provided for and allowed under the loan documents, which continues to accrue.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

36. On or about August 30, 2024, an interim order was entered in the bankruptcy case allowing the Debtor to use certain cash collateral of the Bank. A true and correct copy of the order is attached hereto as Exhibit R. Subsequent case collateral orders have been entered with substantially similar terms. The cash collateral order includes language expressly providing that the Bank was "under no obligation to advance funds or to honor checks without sufficient funds upon presentation." See id.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

37. Despite assenting to the language in the cash collateral order, Wong knowingly, and immediately, began to attempt to pass bad checks to the Bank and to vendors of Redline, and continued to do so despite being warned by the Bank to stop attempting to present bad checks.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

38. The Bank has been damaged in excess of $50,000.00 by Wong's continued and intentional attempts to pass bad checks.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

39. Upon information and belief, Wong instructed Jonathan Kragel ("Kragel"), a Redline employee, to open an account for the sole purpose of taking out cash out of the Bank. To that end, Kragel opened an account on July 11, 2024 with a $15,000.00 Redline check. On July 12, 2024, Kragel then deposited another Redline check for $20,000.00 and immediately withdrew $10,000.00 and $5,000.00 in cash.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing.

The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

### COUNT I - FRAUD

40. The Bank restates, realleges and incorporates by reference, as though fully set forth herein, its allegations in Paragraphs 1 through 39 of this Complaint.

**Answer:** David Wong restates, realleges and incorporates by reference, as though fully set forth herein, his answers to the allegations in Paragraphs 1 through 63 of this Complaint.

41. As specifically set forth above, Wong made false representations to the Bank regarding past or existing material facts susceptible of knowledge, including, but not limited to, providing, or his causing to be provided, to the Bank false financial information related to Redline's finances, and, specifically, regarding the amount of the existing and outstanding accounts receivable and inventory of Redline.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

42. At the time that Wong made, or caused to be made, the false representations to the Bank regarding the falsified financial documents and amount of the accounts receivable and inventory of Redline, Wong made the representations with knowledge of the falsity of the representations or made the false representations without knowing whether they were true or false.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

43. Wong made the false representations with the intent to induce the Bank to act in reliance upon the false representations.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

44. The false representations caused the Bank to act in reasonable reliance upon them, including, but not limited to, the Bank issuing the loans to Redline and in the Bank not declaring Redline in default under the loans earlier.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

45. In addition, Wong intentionally and continuously attempted to pass bad checks.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that

"a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

46. As a result of its reasonable reliance on the misrepresentations of Wong, the Bank suffered damages in excess of $14,772,438.15, and has been damaged in excess of $50,000.00 due to Wong's continued and intentional attempts to pass bad checks.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

WHEREFORE, David Wong prays that the Court enter judgment in his favor and against Old Second National Bank and grant just relief.

## COUNT II - VIOLATION OF 18 U.S.C. § 1962: PROHIBITED ACTIVITIES

47. The Bank restates, realleges and incorporates by reference, as though fully set forth herein, its allegations in Paragraphs 1 through 46 of this Complaint.

**Answer:** David Wong restates, realleges and incorporates by reference, as though fully set forth herein, his answers to the allegations in Paragraphs 1 through 63 of this Complaint.

48. 18 U.S.C. § 1962(c) states that: "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity…."

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

49. Wong violated RICO and the Bank was injured as a result.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

50. Wong is a "person" capable of holding legal or beneficial interest in property within the meaning of 18 U.S.C. § 1961(3) and was employed by Redline.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

51. Redline is an enterprise within the meaning of 18 U.S.C. § 1961(4).

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing.

The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

52. The enterprise has engaged in, and its activities have affected, interstate commerce, as it is directly engaged in the production, distribution, or acquisition of goods and services in interstate commerce

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

53. Wong violated 18 U.S.C. § 1962(c) by directly engaging in the conduct of Redline's affairs through a continuing pattern of racketeering activity, including, but, not limited to, using email to transmit fraudulent borrowing base certificates to a federally insured financial institution, manipulating the books and records of Redline by at least $5,000,000.00 in order to acquire money by false pretenses from Redline and the Bank for his own benefit, and by intentionally and continuously attempting to pass bad checks.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

54. The acts of racketeering activity are acts which are indictable under 18 U.S.C. §1961(1)(B) and Wong committed at least one of these racketeering activities by attempting to defraud a financial institution.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

55. Wong, as Redline's president and chief financial officer, had personal access and/or control of all of the actions of Redline including receipt of funds and investments of Redline's assets and, as such, controlled the work of Redline.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

56. The acts of racketeering activities were not isolated and were continuous.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

57. Upon information and belief, Wong provided dishonest statements to the Bank regarding the value of Redline's assets in order to obtain loans and to continue to obtain credit terms from the Bank.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

58. Upon information and belief, Wong omitted information and provided untruthful statements to the Bank on the current financial condition of Redline.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

59. Wong committed acts constituting indictable offenses under 18 U.S.C. §§ 1343 and 1344 in that he devised or intended to devise a scheme to defraud the Bank to obtain money from the Bank by means of false or fraudulent pretenses, representations or promises and embezzlement.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing.

The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

60. Wong's acts were done intentionally and knowingly with the specific intent to advance his scheme.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

61. The intentionality of Wong's acts is based, in part, on the size of the fraud, and that it occurred over a long duration of time, and is supported by his own admissions regarding his actions with Redline's books and records, as evidenced by his examination under Sec. 341 of the Bankruptcy Code.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

62. The Bank reasonably and justifiably relied upon Wong's false representations to issue the loans, and the Bank has been damaged as a direct and proximate cause of Wong's participation in Redline. Additionally, the Bank was a victim of Wong's practice of engaging in passing bad checks and was damaged in excess of $50,000.00 just by reason of the bad checks.

23

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

63. The Bank seeks an award of three times the damages it sustained, reasonable attorneys' fees and costs.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

WHEREFORE, David Wong prays that the Court enter judgment in his favor and against Old Second National Bank and grant just relief.

### COUNT III – UNJUST ENRICHMENT

64. The Bank restates, realleges and incorporates by reference, as though fully set forth herein, its allegations in Paragraphs 1 through 63 of this Complaint.

**Answer:** David Wong restates, realleges and incorporates by reference, as though fully set forth herein, his answers to the allegations in Paragraphs 1 through 63 of this Complaint

65. Due to Wong's false representations, the above referenced loans were made to Redline.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing.

24

The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

66. Upon information and belief, Wong has illicitly taken money from Redline to enrich himself, including, but not limited, to obtain luxury vehicles and to fund his lavish personal lifestyle.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

67. Upon information and belief, Wong allowed Redline's D&O liability policy to terminate days preceding the bankruptcy petition filing, choosing instead to use the money to pay for leased vehicles.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

68. The Redline bankruptcy schedules identify that certain luxury vehicles were recently leased, including a 2024 BMW by Wong.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing.

The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

69. The Redline bankruptcy schedules also list Wong having secured claims against Redline for $1,772,000.00 and $1,824,000.00, amounts which have never been explained or substantiated.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

70. Wong has unjustly retained a benefit to the Bank's detriment.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

71. The retention of the money violates fundamental principles of justice, equity, and good conscience.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

72. Wong obtained the money from Redline through his wrongful conduct.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

73. The Bank has been damaged by Wong's wrongful conduct.

**Answer:** On the advice of counsel, David invokes his rights under the Fifth Amendment to the United States Constitution. Importantly, the Supreme Court has repeatedly recognized that "a witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances," as the court held in *Grunewald v. United States*, 353 U.S. 391 (1957).

WHEREFORE, David Wong prays that the Court enter judgment in his favor and against Old Second National Bank and grant just relief.

**DAVID WONG**

By: /s/ Gregory J. Jordan
One of His Attorneys

Gregory J. Jordan (ARDC# 6205510)
Mark R. Zito (ARDC# 6276231)
Jordan & Zito LLC
350 N. LaSalle Drive, Suite 700
Chicago, IL 60654
(312) 854-7181 (Telephone)